# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Nick R.,**
**Petitioner Below, Petitioner**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0996**  (Brooke County 14-C-26)

**Ralph Terry, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nick R., by counsel Sam H. Harrold, III, appeals the Circuit Court of Brooke County's October 6, 2017, order that denied his amended petition for a writ of habeas corpus following his convictions by a jury of nineteen counts of sexual abuse by a custodian, one count of first-degree sexual abuse, and one count of second-degree sexual assault. Respondent Ralph Terry, Superintendent, Mt. Olive Correctional Complex,[1] by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From 1998 through 2002, petitioner was married to the mother of victims J.H., B.M., and C.M., who were all then minors. From March 1, 2009, through July 1, 2009, petitioner dated Crystal S., the mother of victim S.N., also a minor. In November of 2009, a Brooke County Grand Jury returned a twenty-seven count indictment against petitioner charging him with numerous sex offenses involving the four victims, including one count of first-degree sexual abuse, two counts of second-degree sexual assault, and twenty-four counts of sexual abuse by a custodian (Case No. 09-F-84). Thereafter, a second indictment was returned against petitioner in Brooke County charging him with three counts of sexual abuse by a custodian against a fifth

---

[1] Effective July 1, 2018, the positions formerly designated as "wardens" are now "superintendents." *See* W.Va. Code § 15A-5-3. At the time of the filing of this appeal, David Ballard was then warden at Mt. Olive Correctional Complex and, as such, was originally listed as the respondent below. However, the acting warden, now superintendent, is Ralph Terry. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

victim, V.N., victim S.N.'s sister (Case No. 10-F-30). It was the State's theory that petitioner intentionally preyed upon poor single mothers by initiating romantic relationships with them and inviting them to live with him so that he would be able to sexually molest their teenage daughters.

Petitioner filed a motion to sever the charges and his motion was denied. He was tried over a period of four days beginning on October 27, 2010. At the beginning of the trial, the trial court directed the State to prepare notebooks for each juror with the name of each of the five victims at the top of its own page so that the jurors could take notes. The circuit court twice explained to jurors that the purpose of the notebooks was to help them keep track, if they so choose, of the numerous counts charged as they related to each of the victims. Petitioner did not object to the distribution of the notebooks or to the circuit court's explanation of the same.

At trial, victim B.M. testified that petitioner lifted her shirt and fondled her breasts and that he acted only when he could get her or her sisters alone. Victim C.M. testified that, beginning when she was thirteen years old, petitioner digitally penetrated her and had sexual intercourse with her. On one occasion, she testified, he forcibly raped her. C.M. testified that petitioner intimidated her into concealing his conduct. Victim J.H. recounted how petitioner routinely commented on her breasts and buttocks and walked into the bathroom while she showered. According to J.H., petitioner's conduct "escalated to sex" and, in one instance, he taped her hands over her head and forcibly raped her. She testified that petitioner forced her into sexual intercourse five other times and threatened to kill her mother if she ever revealed his conduct. Victim S.N. testified that petitioner's actions began with unwanted touching and that, on one occasion, petitioner told her that she would no longer be grounded if she relented to his sexual advances. Petitioner then groped her by putting his hand down her pants and touching her vagina.

After each victim testified, the State, at the circuit court's request, identified the counts of the indictment that the particular victim's testimony was being offered to prove. At no time did petitioner object to any of the State's remarks in this regard.

Petitioner was convicted of twenty-one counts of sexual abuse by a custodian, one count of first-degree sexual abuse, and one count of second-degree sexual abuse.[2] The trial court thereafter granted petitioner's motion for judgment of acquittal on two counts of sexual abuse by a custodian (counts two and three of the indictment in Case No. 10-F-30), finding that the State failed to prove that petitioner sexually exploited victim V.N. because, although the State proved that petitioner lured the victim to show him her breasts, breasts are not defined as a sexual organ under West Virginia Code § 61-8D-1(9)(B).

Petitioner was sentenced to cumulative sentences of not less than 201 nor more than 410 years in prison. Petitioner subsequently appealed his convictions to this Court. This Court affirmed petitioner's convictions. *See State v. Nick R.*, No. 11-0341, 2012 WL 3030811 (W.Va. June 22, 2012) (memorandum decision).

---

[2] Following the presentation of the State's case-in-chief, five counts were dismissed based upon insufficient evidence.

On February 4, 2014, petitioner filed a petition for a writ of habeas corpus in which he alleged that the circuit court invaded the province of the jury by directing the prosecuting attorney to summarize the relevant evidence as testified to by each alleged victim, by providing copies of the verdict form to the jury, and by providing notebooks to the jurors and allowing them to take notes; that the State failed to disclose exculpatory evidence; that the jury failed to consider all the evidence or was misled by the State because it returned a verdict in one hour and thirty-five minutes; and that trial counsel was ineffective in failing to advise petitioner of a proposed plea agreement, failing to assure the proper use of the juror notebooks, failing to recall one of the alleged victims after learning that she had been untruthful in her testimony, failing to object to the State's summary of the victims' testimony, failing to interview or prepare defense witnesses, failing to interview the State's witnesses, failing to present an expert regarding petitioner's medical problems as they relate to his inability to perform sexual acts, failing to have a sex evaluation perform and to argue mitigating factors at sentencing, and refusing to subpoena two specific witnesses. Petitioner also alleged that the prosecuting attorney had improper contact with jurors during deliberation; that the State failed to advise the Court that two of the alleged victims perjured themselves; that there was prejudicial pre-trial publicity; and that petitioner's sentence was unconstitutionally excessive.

Petitioner filed an amended habeas petition on July 22, 2016, that included some, but not all, of the claims alleged in his original petition. Following an omnibus evidentiary hearing, the circuit court proceeded to address all of petitioner's original claims. In a detailed thirty-four page order entered on October 10, 2017, the circuit court denied petitioner's request for habeas relief. This appeal followed.

Our review of the circuit court's order denying respondent's petition for a writ of habeas corpus is governed by the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises the same assignments of error as he did in his amended habeas petition, all of which were considered and fully addressed by the circuit court in its October 6, 2017, order denying relief. We find no error or abuse of discretion by the circuit court in denying petitioner's petition for a writ of habeas corpus based on these alleged errors. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal.

Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the court's findings and conclusions as they relate to the assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's October 10, 2017, order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 16, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment